2012 CO 48

**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellant**

v.

**Desirae Lynn VISSARRIAGAS,**
**Defendant–Appellee.**

**No. 11SA288.**

Supreme Court of Colorado,
En Banc.

June 18, 2012.

Daniel H. May, District Attorney, Fourth Judicial District, Bryan Gogarty, Doyle Baker, Deputy District Attorneys, Colorado Springs, Colorado, Attorneys for Plaintiff.

Douglas K. Wilson, Public Defender, Jeremy B. Loew, Cynthia J. Jones, Deputy Public Defenders, Colorado Springs, Colorado, Attorneys for Defendant.

Justice BOATRIGHT delivered the Opinion of the Court.

¶1 The People bring this interlocutory appeal pursuant to C.A.R. 4.1 and section 16–12–102(2), C.R.S. (2011), seeking review of the trial court's order suppressing evidence seized by police who conducted an inventory search after a traffic stop. The trial court ruled that the traffic stop was pretextual and thus invalid. The court reasoned that, pursuant to the fruit of the poisonous tree doctrine, contraband (heroin and drug paraphernalia) seized from the car during the inventory search had to be suppressed as evidence.

¶2 We hold that, irrespective of the officers' pretextual or subjective reason for stopping the vehicle, the officers possessed an independent and objective basis to make this traffic stop—the defendant ran a red light. Having ruled that the stop was invalid, the trial court did not consider the People's argument that the search of the car was a valid inventory search and that the seizure of contraband from the car was therefore admissible. Hence, we reverse the trial court's order of suppression but remand the case to the trial court with directions to make factual findings and conclusions of law concerning the validity of the inventory search consistent with our holding in *Pineda v. People,* 230 P.3d 1181 (Colo.2010).

## I. Facts and Proceedings Below

¶3 The defendant, Desirae Lynn Vissarriagas, was charged with possession of a controlled substance and possession of drug paraphernalia. Vissarriagas moved the trial court to suppress the evidence on the grounds that the search was unconstitutional because it was without Vissarriagas's consent and without a warrant.

¶4 At the suppression hearing, the officers testified that during surveillance of a suspected drug house they followed a vehicle, which left the residence, with the intent to independently develop probable cause to stop and ultimately search it "if circumstances allowed." The police stopped the vehicle after it ran a red light. The driver had no license or proof of insurance, and the license plates on the car were not registered to any

vehicle. The officers cited the driver for traffic infractions and took Vissarriagas into custody after determining that there was an outstanding warrant for her arrest. The officers also impounded the vehicle and conducted an inventory search. They testified that department policy required them to impound and conduct an inventory search of any vehicle whose ownership could not be verified. During the inventory search, the officers found an open purse containing drug paraphernalia and heroin.

¶ 5 At the conclusion of the suppression hearing, the trial court concluded that the stop was pretextual and the search was therefore illegal. In reaching this conclusion, the trial court found that (1) Vissarriagas was a passenger in the car; (2) the vehicle left a house that police were surveilling for possible illegal drug activity; (3) the officers followed the vehicle with the express purpose of conducting a search of the vehicle to obtain evidence of the possible illegal drug activity; (4) the vehicle ran a red light; and (5) the officers made a traffic stop based on this violation. The trial court suppressed the evidence of drug paraphernalia and heroin as fruit of the poisonous tree. It did not address the propriety of the subsequent inventory search because the trial court's suppression order was based on a determination that the traffic stop was illegal from its inception.

¶ 6 The People moved the trial court to reconsider the suppression order. The trial court denied the motion in a written order in which it reiterated its decision to suppress the drug-related evidence. Acknowledging the exception to the warrant requirement for inventory searches "conducted in accordance with police department policies and procedures," and not merely as a pretext for an investigatory search, the trial court concluded that the search on impound in this case amounted to an impermissible investigatory search, rather than a permissible inventory search.

## II. Jurisdiction and Standard of Review

■■■ ¶ 7 The People may seek an interlocutory appeal in criminal cases under C.A.R. 4.1 in certain limited circumstances. One such circumstance allows the prosecution to appeal a trial court order suppressing evidence in advance of trial. C.A.R. 4.1; *People v. Reyes*, 956 P.2d 1254, 1256 (Colo. 1998). When reviewing a trial court's suppression order, we give deference to the trial court's findings of fact; we review conclusions of law de novo. *People v. Ortega*, 34 P.3d 986, 990 (Colo.2001).

## III. Analysis

¶ 8 In this case, we first consider whether the traffic stop preceding the vehicle search was illegal. We next consider whether the subsequent search was proper.

### A. Legality of the Traffic Stop

■■■ ¶ 9 The United States Constitution and the Colorado Constitution prohibit unreasonable searches and seizures.[1] While a lesser expectation of privacy exists in automobiles than in homes, a reasonable expectation of privacy and freedom from searches and seizures still remains in vehicles as they travel on the state's roads. *People v. Haley*, 41 P.3d 666, 672 (Colo.2001). A traffic stop is proper when there are specific articulable facts, and rational inferences from those facts, that give rise to a reasonable suspicion of criminal activity. *People v. Cherry*, 119 P.3d 1081, 1084 (Colo.2005). In the context of a traffic stop, the subjective intent of an officer is irrelevant to the existence of reasonable suspicion. *Id.* We do not question

---

1. The Fourth Amendment to the United States Constitution states:

   The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

   U.S. Const. amend. IV.

The Colorado Constitution provides:

   The people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures; and no warrant to search any place or seize any person or things shall issue without describing the place to be searched, or the person or thing to be seized, as near as may be, nor without probable cause, supported by oath or affirmation reduced to writing.

   Colo. Const. art. II, § 7.

the subjective intent of an officer when there is an independent legal justification for a traffic stop. *Pineda*, 230 P.3d at 1185. The fact that an officer has ulterior motives or is seeking to prove criminal activity will not invalidate an otherwise justifiable traffic stop. *Id.* Similarly, when determining the validity of an inventory search subsequent to a valid traffic stop, the focus should be on the objective reasonableness of the officer's conduct. *Id.*

¶ 10 We previously applied the inventory search exception in *Pineda*. In that case, officers followed Pineda's vehicle after witnessing a confidential informant conduct a controlled purchase of heroin from Pineda. *Pineda*, 230 P.3d at 1183. The following day, an officer noticed that the same vehicle had different temporary registration plates. *Id.* Several weeks later, an officer saw the vehicle with yet a third set of temporary registration plates. *Id.* After observing the vehicle make several illegal lane changes, the officers stopped Pineda. *Id.* Officers arrested Pineda for driving without a valid license and driving a vehicle with altered registration plates. *Id.* They took the vehicle into custody, conducted a search of the vehicle pursuant to department policies, and discovered heroin. *Id.* We held that the officers acted in an objectively reasonable manner in conducting the stop and subsequent inventory search of the vehicle. *Id.* at 1186.

¶ 11 Like the officers in *Pineda*, the officers in this case had reason to suspect criminal activity. It is undisputed that the vehicle in which Vissarriagas was riding ran a red light. This traffic violation provided the officers with independent specific and articulable facts to justify the traffic stop. The fact that the officers followed the vehicle intending to develop probable cause to conduct a traffic stop did not render the otherwise legal traffic stop illegal. *See id.* at 1182. The subsequent inventory search of the vehicle was not, therefore, invalid on the grounds that the traffic stop was illegal as a pretextual stop. We turn to the validity of the inventory search.

## B. Validity of the Inventory Search

¶ 12 A warrantless search is presumed unconstitutional unless it is justified by an established exception to the warrant requirement. *People v. Hebert*, 46 P.3d 473, 478 (Colo.2002). An inventory search of a lawfully impounded vehicle in accordance with routine law enforcement procedures is one such recognized exception. *People v. Hauseman*, 900 P.2d 74, 77 (Colo.1995). Inventory searches serve the purpose of protecting property in police custody. Such searches also protect the police from any danger posed by the contents of the vehicle and from subsequent claims of lost or damaged property. *Pineda*, 230 P.3d at 1185.

¶ 13 Officers must conduct an inventory search according to standardized criteria, the basis of which is not suspicion of criminal activity. *Id.* The inventory search exception to the warrant requirement requires that the vehicle be lawfully taken into custody and that the search be conducted in accordance with established policies and procedures. *Id.* at 1182. " 'An officer's hope of finding incriminating evidence during an otherwise valid [inventory] search does not, without more, indicate a pretextual motive for [the search].' " *Id.* at 1185 (alteration added) (quoting *People v. Hauseman*, 900 P.2d at 79). In determining whether an inventory search is motivated by bad faith, a trial court must evaluate the objective reasonableness of an officer's conduct. *Id.*

¶ 14 Because the trial court concluded that the inventory search was invalid based on the pretextual nature of the traffic stop, the trial court did not undertake a thorough consideration of the validity of the inventory search. The trial court did not make specific factual findings as to whether the vehicle was lawfully impounded or whether the police conducted the inventory search in accordance with established policies and procedures. Nor did the trial court make factual findings regarding the reasonableness of the officers' conduct. Moreover, although the trial court could not recall any testimony regarding compliance with department policies and procedures in its written order, the record on appeal reveals that the People offered testimony on this point. We therefore conclude that the trial court has not made sufficient findings of fact to allow us to review the validity of the inventory search. Accordingly, we remand this case to the trial court with

instructions to make findings regarding the objective reasonableness of the inventory search and regarding whether the police conducted the search in accordance with department policies and procedures, consistent with this court's opinion in *Pineda*.

### IV. Conclusion

¶ 15 For the foregoing reasons, we vacate the trial court's suppression order and remand this case to the trial court for further proceedings consistent with this opinion.